## THE PEOPLE ex rel. MICHAEL H. SWIFT v. THE BOARD OF POLICE COMMISSIONERS.

*Trial by board of police commissioners of New York — rule that where testimony has been taken, before less than three commissioners, it must be laid before and examined by the several commissioners — construction of it.*

CERTIORARI to review the proceedings and order of the board of police commissioners, on removing the relator from his office as sergeant of police.

The court at General Term said: "This case really presents but a single question. The evidence that the relator was guilty of the charge was strong and clear.   *   *   *   The point referred to as the only one really in the case, is whether all four of the commissioners must be present on such a trial and examine the evidence, before judgment can be pronounced.

"The rules of the board allow the testimony to be taken before one commissioner, but provide that where the testimony is taken

before less than three commissioners it shall be laid before and examined by the several commissioners. The testimony was in part taken before one commissioner, it was laid before a meeting of the board, three commissioners being present. The examination was then continued, and at a further meeting the relator was again called up for further explanations. We think this proceeding was entirely regular. A meeting of three commissioners constitutes a legal board, with full power to act in such cases. The trial was had before such a board, and its judgment against the relator was unanimous. The language of the rule recognizes the power of three commissioners to hear and determine such cases. The words "the several commissioners" does not refer to the four commissioners, but to the several who constitute a board, with authority to try and determine the case. If four be present at the meeting where the testimony has been taken by one, or less than three, it must be laid before and examined by "the several commissioners present." And so if but three constitute the board the testimony must be laid before the several commissioners then sitting to try the case. The proceedings are judicial in their character and governed by rules usually applicable to judicial rather than administrative officers.

"There was no "reopening" of the proceedings in the sense urged by the relator's counsel. All that was done was to continue the hearing and accord to the accused a fuller opportunity than usual to answer or explain the charge.

"We see no ground for interfering with the result."

*John D. Quincy*, for the relator.

*Richard J. Morrison*, for the respondents.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Proceedings affirmed, with costs.